**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Dave Dupervil, *on behalf of himself and all others similarly situated,*<br><br>*Plaintiff,*<br><br>-against-<br><br>Public Storage,<br><br>*Defendant.* | **RULE 23 CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

Plaintiff Dave Dupervil ("Dupervil" or "Plaintiff"), on behalf of himself and all others similarly situated, brings this action for damages and other legal and equitable relief against defendant Public Storage ("Defendant" or "Public Storage"), upon personal knowledge as to themselves and upon information and belief as to others, as follows:

1. Plaintiff and the proposed class were employed as relief managers, customer service representatives, and custodians at Defendant's self-storage facilities in New York performing physical labor, and being paid bi-weekly.

2. Plaintiff Dupervil worked in one of Defendant's storage facilities in Kings County, New York from around Spring 2016 to around December 2020 and was paid bi-weekly at all times.

3. Dupervil and other Manual Workers need to be paid weekly to keep up with day to day expenses such as housing and transportation costs, groceries, utilities, and other regular bills, and in order to obtain the full value of their earned wages as due.  Defendant violated New York State Labor Law ("NYLL") by not paying their Manual Workers on a timely and weekly basis as required.

## JURISDICTION AND VENUE

4. This Court has original jurisdiction pursuant to the Class Action Fairness Act of 2005 ("CAFA"), codified at 28 U.S.C. § 1332(d), because the amount in controversy against the Defendant in this matter exceeds the sum or value of $5,000,000, exclusive of interest and costs, and Plaintiff and the members of the proposed class are citizens of states different from that of Defendant.

5. This court also has diversity jurisdiction over this action pursuant to 28 U.S.C.A. § 1332(a)(1) and (c)(1). There is complete diversity of citizenship between the opposing parties since Plaintiff resides in New York, other members of proposed class are citizens of New York State, while Defendant is citizen of Maryland with its headquarters in California, pursuant to § 1332(c)(1).

6. There are over 200 members in the proposed class.

7. Defendant is subject to personal jurisdiction in New York as it does business in New York.

8. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District, and Defendant conducts business in this District.

## PARTIES

9. Plaintiff Dave Dupervil is an adult, over 18 years old, a resident of Kings County, and a citizen of New York State.

10. Plaintiff and the Proposed Class were, throughout his entire employment with Defendant, covered, non- exempt employees within the meaning of the NYLL. As such, Plaintiff was entitled to be paid in full for all hours worked, on a weekly basis.

11. Defendant Public Storage is a publicly traded real estate investment trust formed

in the State of Maryland, with its principal place of business at 701 Western Avenue, Suite 200, Glendale, California 91201.

12. Defendant had the power to hire and fire employees like Plaintiff, and set employees' conditions of work, including all conditions related to pay and job duties.

13. Defendant is considered a large employer, having at least 11 or more employees during the duration of Plaintiffs' employment.

14. Defendant maintained control, oversight, and direction over Plaintiff and the proposed class in regards to timekeeping, payroll, and other employment practices, and functioned as an employer pursuant to the NYLL.

15. Defendant, by virtue of ownership, management, and control over the wages and work of Plaintiffs and the proposed class, is considered an employer under the NYLL §190(3).

16. Defendant applies the same employment policies, practices, and procedures to all Manual Workers in its operation, including policies, practices, and procedures with respect to frequency of payment of wages.

## FACTS

17. Public Storage is a publicly traded real estate investment trust formed in the State of Maryland, with its principal place of business at 701 Western Avenue, Suite 200, Glendale, California 91201.

18. Upon information and belief, Defendant is the largest brand of self-storage services in the United States.

19. Public Storage owns and operates over 2,000 self-storage locations worldwide, including dozens in downstate New York alone.

20. Upon information and belief, Defendant employs over 5,000 workers across all of its storage locations.

21.     The Defendant is an employer of Plaintiff under the New York Labor Law.

22.     Defendant had and continues to have the power to hire and fire the employees; supervise and control employee work schedules or conditions of employment; determine the rate and method of payment; and maintain employment records.

23.     All of the below factual allegations are, upon information and belief, consistent among Plaintiff and all members of the Class.

24.     Plaintiff's allegations, including dates of employment, schedules and hours, and pay rates, are to the best of his recollection.  Plaintiff reserves the right to amend these facts upon receiving discovery from Defendant and receiving records within Defendant's control.

25.     Upon information and belief, Defendant employs workers at its storage locations with titles including, but not limited to relief manager, customer service representative, and custodian.  All of its hourly workers perform physical tasks.

26.     Plaintiff Dupervil was employed by Defendant from around March 2016 to around December 2022.

27.     Dupervil worked as a relief manager at one of Defendant's self-storage locations in Brooklyn, New York.  The self-storage center was located at 1250 Rockaway Avenue, Brooklyn, New York 11236.

28.     At all times during Dupervil's employment, he was paid bi-weekly.

29.     Plaintiff and the proposed class members spent at least 25% of their time performing physical tasks that qualify them as Manual Workers as that term is used in Section 190(4) of the New York Labor Law.

30.     Because of Defendant's improper compensation policies, Plaintiff was deprived of timely and weekly pay, in direct violation of the NYLL.

31.     This pattern of conduct was continuous throughout Plaintiff's employment.

32. Defendant's unlawful conduct has been widespread, repeated, and consistent.

**Acute Injuries in Fact Sustained by Plaintiff as a result of Defendant's Conduct**

33. Plaintiff Dupervil and other similarly situated Manual Workers employed by Defendant suffered actual and acute injuries as a result of Defendant's failure to pay weekly wages. The timely payment of earned wages were and are crucial to their ability to pay day to day and monthly expenses, especially due to the New York area's high cost of living. Defendant's conduct in paying Dupervil's wages late throughout their employment resulted in him having to pay bills late on more than one occasion.

34. Defendant's late wage payments also deprived Dupervil and similarly situated Manual Workers of the time value of their earned money, resulting in tangible financial loss calculated as interest and in other amounts; and loss in the form of the negative impact on their ability to save, invest, and plan for the future. The Defendant reaped large sales profits from its customers as a direct result of its Manual Workers' labor, taking in billions in annual revenue, while unlawfully withholding from and paying late its employees who are least able to weather these unjust delays.

## RULE 23 CLASS ACTION ALLEGATIONS

35. The Proposed Class is defined as:

> All non-exempt hourly employees working for Public Storage in the State of New York between the date six years preceding the filing of this complaint and the date a class is certified in this action.

36. Plaintiff hereby states that the Class Period shall to the extent permitted by law be expanded to account for all claims made timely by virtue of Governor Cuomo's March 20, 2020 executive order, Executive Order (A. Cuomo) No. 202.8 (9 NYCRR 8.202.8), and all subsequent and similar order, including but not limited to, Executive Orders 202.14, 202.28, 202.38, 202.48, 202.55, 202.60, 202.67, and 202.72.

37. The members of the Proposed Class are so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

38. There are more than 200 class members and the Plaintiff's claims are typical of those other members, in that any one would seek the same discovery, make the same legal arguments, and rely on the same factual record for summary judgment.

39. Plaintiff and the Proposed Class have all been injured in that they have been uncompensated, under-compensated, or untimely compensated due to Defendant's common policies, practices, and patterns of conduct.

40. Defendant's corporate-wide policies and practices affected everyone who worked in every store in the same way.

41. Plaintiff is able to fairly and adequately protect the interests of the Proposed Class and have no interests antagonistic to it.

42. Plaintiff is represented by attorneys who are experienced and competent to bring this action.

43. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similar persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.

44. Common questions of law and fact exist as to the Proposed Class that predominate over any questions only affecting Plaintiff and/or each member of the New York Class individually and include, but are not limited to, the following:

    1. What job duties are performed by employees at Defendant's storage centers in New York?

    2. What is the frequency of pay for the employee?

    3. Does the employee spend at least 25% of the time at work engaged in physical labor?

## FIRST CAUSE OF ACTION

## ON BEHALF OF PLAINTIFF AND THE CLASS

*Violation of the New York Labor Law – Failure to Pay Timely Wages*

  45. Plaintiff re-alleges and re-avers each and every allegation and statement contained in the paragraphs above of this Complaint as if fully set forth herein.

  46. The timely payment of wages provisions NYLL § 191 and its supporting regulations apply to Defendant and protect Plaintiff and the Proposed Class.

  47. Defendant failed to pay Plaintiff and Proposed Class on a timely basis as required by NYLL § 191(1)(a), which resulted in an underpayment.

  48. Manual Workers, as contemplated by NYLL § 191, are "dependent upon their wages for sustenance." *People v. Vetri*, 309 N.Y. 401, 405 (1955).

  49. All of Public Storage's customer service associates and custodians and other hourly workers are Manual Workers as that term is used in Section 190(4) of the New York Labor Law.

  50. As such, the failure to provide wages owed to Plaintiff and all others similarly situated Manual Workers, according to NYLL § 191, constitutes an "especially acute injury." See *Caul v. Petco Animal Supplies, Inc*., No. 20 Civ. 3534 (RPK) (SJB), 2021 WL 4407856, at *4 (E.D.N.Y. Sep. 27, 2021) (citing *Vega v. CM & Associates. Contr. Mgmt*., LLC, 175 A.D.3d 1144, 1146 (N.Y. 1st Dept. 2019)).

51.     Defendant's conduct also constitutes an "injury in fact" suffered by Plaintiff and the New York Class under Article III that is within the federal judicial power because Plaintiff and the New York Class have "suffered an injury in fact that is concrete, particularized, and actual or imminent." *See Caul v. Petco* (infra).

52.     Due to Defendant's violations of the NYLL, Plaintiff and the New York Class are entitled to recover from Defendant compensatory damages in an amount to be determined in this action, plus the amount of the underpayments caused by their untimely wage payments as liquidated damages, reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest as provided for by NYLL § 198.

## SECOND CAUSE OF ACTION

## ON BEHALF OF PLAINTIFF AND THE CLASS

*Violation of the New York Labor Law – Failure to Pay Wage Notice*

53.     Plaintiff re-alleges and re-avers each and every allegation and statement contained in the paragraphs above of this Complaint as if fully set forth herein.

54.     Defendant has willfully failed to supply Plaintiff with wage notices, as required by NYLL, Article 6, § 195(1), in English or in the language identified by Plaintiff as their primary language, containing Plaintiff's rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; *the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191*; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary. (emphasis added)

55. Through their knowing or intentional failure to provide Plaintiff with the wage notices required by the NYLL, Defendant has willfully violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Regulations.

56. Defendant has willfully failed to supply Plaintiff with accurate statements of wages as required by NYLL, Article 6, § 195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

57. Through their knowing or intentional failure to provide Plaintiff with the accurate wage statements required by the NYLL, Defendant has willfully violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Regulations.

58. Due to Defendant's willful violations of NYLL, Article 6, § 195(1), Plaintiff is entitled to statutory penalties of fifty dollars each day that Defendant failed to provide Plaintiff with wage notices, or a total of five thousand dollars each, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-b ).

59. Due to Defendant's willful violations of NYLL, Article 6, § 195(3), Plaintiff is entitled to statutory penalties of two hundred fifty dollars for each workweek that Defendant failed to provide Plaintiff with accurate wage statements, or a total of five thousand dollars each, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-d).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of the Class, demands judgment against Defendant as follows:

a. Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

b. Designation of Plaintiff Dupervil as representatives of the New York Rule 23 Class and counsel of record as Class Counsel;

c. Compensatory damages in an amount to be determined in this action;

d. Liquidated damages;

e. An award of civil penalties for the wage notice violation;

f. Prejudgment and post-judgment interest;

g. Reasonable attorneys' fees and costs of the action on the basis of being the prevailing party in a NYLL action to recover wage underpayments; and

h. A jury trial on these issues to determine liability and damages;

i. Such other relief as this Court shall deem just and proper.

Dated: New York, NY
         January 19, 2023

*Respectfully Submitted,*

Mohammed Gangat, Esq.
LAW OFFICE OF MOHAMMED GANGAT
675 Third Avenue, Suite 1810,
New York, NY 10017
718-669-0714
mgangat@gangatpllc.com